UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANA BURR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 23-CV-071-CVE-JFJ |
| ) | |
| YOGESH MITTAL and ) | |
| BRISTOW ENDEAVOR HEALTHCARE, ) | |
| LLC, d/b/a Center for Orthopaedic ) | |
| Reconstruction and Excellence, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Now before the Court is the Partial Motion to Dismiss and Brief in Support of Defendant CORE (Dkt. # 22). Defendant Bristow Endeavor Healthcare, LLC d/b/a Center for Orthopaedic Reconstruction and Excellence (CORE) asks the Court to dismiss plaintiff's negligence claim in the Amended Complaint (Count I), because the Oklahoma Anti-Discrimination Act, OKLA. STAT. tit. 25, § 1101 et seq. (OADA), expressly states that it provides the exclusive state law remedy for workplace discrimination claims. Dkt. # 22  Plaintiff responds that her negligence claim falls within the "highly personal" exception to ordinary workplace discrimination claims, and her negligence claim is not barred by the exclusive remedy provision of the OADA. Dkt. # 23.

I.

From June 2019 to December 2021, Dana Burr worked as a certified surgical technician at CORE's facility in Jenks, Oklahoma, and she was part of a surgical team led by Yogesh Mittal, M.D. Dkt. # 14, at 2. Burr alleges that Dr. Mittal regularly made sexually inappropriate comments and "jokes" toward her and other female employees but, due to Dr. Mittal's supervisory authority and influence, female employees chose not to report Dr. Mittal's conduct. Id. at 3. Burr claims that Dr.

Mittal also began asking for "pictures" of her, and his repeated requests for pictures made her uncomfortable. Id. Dr. Mittal's harassment continued throughout Burr's employment, and plaintiff asked the operating room director, Matt White, if she could be removed from Dr. Mittal's surgical team. Id.

Burr claims that Dr. Mittal's conduct escalated after she requested to be removed from his team, and he continued to ask for pictures of Burr. Id. at 4. Burr asked Dr. Mittal to clarify what he meant by pictures, and he stated that he wanted nude photographs of Burr. Id. Burr told Dr. Mittal his conduct was "harmful and unwelcome," and he began to poke her breasts and commented that her breasts were not real. Id. Dr. Mittal later asked Burr where she was going after work, and she stated that she was going home. Id. Dr. Mittal allegedly called Burr a "chicken," and he continued to pressure Burr to show her breasts to Dr. Mittal. Id. Burr claims that Dr. Mittal continued to behave in a similar fashion until August 19, 2021, when he reached under her scrubs and grabbed her breast. Id.

On August 25, 2021, Dr. Mittal allegedly pressured Burr to complete a task during a surgical procedure and he began yelling at Burr in front of coworkers. Burr completed the task and asked Dr. Mittal what he was saying, and Burr claims that he said "Oh look, now your vibrator's 'on' switch is on! You're vibrating!" Id. at 5. Burr alleges that Dr. Mittal made similar remarks the next day, and Burr again reported Dr. Mittal's conduct to White in September 2021. Id. White told Burr that there was very little he could do concerning her allegations due to Dr. Mittal's position and influence at CORE. Id. White did later convey Burr's complaints to the chief nursing officer, Rebecca Benham, and Benham suggested that CORE would conduct an internal investigation. Id. Burr claims that Dr. Mittal's ongoing sexual harassment caused her to suffer depression, anxiety,

insomnia, and post-traumatic stress disorder, and she checked into Laureate Psychiatric Clinic in Tulsa, Oklahoma at her counselor's recommendation. Id. Plaintiff was released from care about two weeks later and she returned to work on October 19, 2021. Id. at 6. Burr learned that she had not been assigned to any surgical team and that White had been fired while she was on leave. Id. Burr requested an update on the investigation into her allegations of sexual harassment by Dr. Mittal, and she learned that the findings of the investigation were deemed inconclusive. Id. On December 3, 2021, Burr resigned from her employment due to CORE's alleged failure to address her complaints of sexual harassment, and she alleges that CORE does not even have written policies concerning sexual harassment in the workplace. Id.

Plaintiff filed this case in Tulsa County District Court alleging claims against Dr. Mittal and CORE, and defendants removed the case to this Court based on federal question jurisdiction. Dkt. # 2, at 2. Plaintiff alleges a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII), based on sexual harassment against both defendants (Count II), as well as a Title VII retaliation claim against CORE (Count III). Plaintiff has also alleged a negligence claim against CORE (Count I), and claims of sexual assault (Count IV) and sexual battery (Count V) against Dr. Mittal.

## II.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face"

and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

### III.

CORE asks the Court to dismiss plaintiff's negligence claim, because the OADA expressly abolished common law remedies for workplace discrimination claims. Dkt. # 22, at 3. CORE argues that plaintiff's negligence claim is based on the same facts as her discrimination claims, and the exclusive remedy provided for these allegations as a matter of Oklahoma law is a claim under the OADA. Id. at 7-8. Plaintiff responds that her negligence claim against CORE falls within the "highly personal" exception the exclusive remedy provision of Title VII, and the Tenth Circuit and federal courts in Oklahoma have found that this exception also applies to the exclusive remedy provision of the OADA. Dkt. # 23. Plaintiff asks the Court to focus on the alleged harm suffered

by plaintiff as a result of CORE's failure to properly supervise Dr. Mittal, and she argues the risk of harm created by CORE's conduct falls outside of the scope of the OADA. Id. at 7-8.

Plaintiff alleges a negligence claim against CORE based on allegations that CORE had a "duty to [plaintiff] . . . to exercise ordinary care protect her from being sexually assaulted by [Dr. Mittal]." Dkt. # 14, at 7. She claims that a "reasonable company in [CORE's] position . . . would have either removed [plaintiff] from [Dr. Mittal's] surgical team upon her request, adequately supervised [Dr. Mittal], and/or declined to retain [Dr. Mittal] in light of known reports of sexually inappropriate conduct." Id. Plaintiff's Title VII claim against CORE and Dr. Mittal is based on a hostile work environment theory, and plaintiff alleges that CORE failed to "exercise reasonable care to promptly prevent and correct the harassment." Id. at 8. She claims that CORE should have disciplined Dr. Mittal, implemented training to prevent sexual harassment, fired Dr. Mittal to prevent the harassment, or assigned plaintiff to a different surgical team. Id. at 8-9.

The OADA makes it unlawful for an employer to "fail or refuse to hire, to discharge, or otherwise to discriminate against an individual with respect to compensation or the terms, conditions, privileges or responsibilities of employment" because of sex. OKLA. STAT. tit. 25, § 1302. The Oklahoma Supreme Court formerly recognized a tort claim based on the public policy of the OADA, and this was known as a Burk tort. See Burk v. K-Mart Corp., 770 P.2d 24 (Okla. 1989). However, the OADA has been amended to clarify that "[a] cause of action for employment-based discrimination is hereby created and any common law remedies are hereby abolished." OKLA. STAT. tit. 25, § 1350(A). The Oklahoma Supreme Court has explained that:

> The Legislature has declared that the OADA "provides the *exclusive remedies* within this state . . . for individuals alleging discrimination in employment on the basis of race, color, national origin, sex, religion, creed, age, disability or genetic

5

> information." [OKLA. STAT. tit. 25, § 1101(A)]. To leave no doubt about the intended effect of this declaration of purpose, the Legislature further expressly provided that "any common law remedies are hereby abolished. [OKLA. STAT. tit. 25, § 1350(A)].

MacDonald v. Corporate Integris Health, 321 P.3d 980, 984 (Okla. 2014). The exclusive remedy provision of the OADA bars any common law tort claims against an employer that fall within the scope of the OADA, not just the former Burk tort. Peters v. Black Tie Value Parking Serv., Inc., 2013 WL 4520260, *1 (W.D. Okla. Aug. 26, 2013). OADA claims are evaluated under the same framework as federal employment discrimination claims under Title VII, and a claim that fails under Title VII will also fail under the OADA. Johnson v. Spirit Aerosystems, Inc., 2021 WL 6066701, *6 (N.D. Okla. Mar. 26, 2021); Cunningham v. Skilled Trade Servs., Inc., 2015 WL 6442826, *3 (W.D. Okla. Oct. 23, 2015).

The Tenth Circuit has acknowledged that some courts have found that an employee may bring tort claims against an employer, separate from any statutory workplace discrimination claims, when the actions of the employer are "'highly person[al]' in nature." Jones v. Needham, 856 F.3d 1284, 1292 (10th Cir. 2017) (citing Brock v. United States, 64 F.3d 1421, 1423 (9th Cir. 1995)). In Cunningham v. Skilled Trade Servs., Inc., 2015 WL 6442826 (W.D. Okla. Oct. 23, 2015), the court found that a claim of common law assault under Oklahoma law was not barred by the exclusive remedy provision of the OADA, because these claims provided remedies for two distinct types of injures. The OADA claim provided a remedy for plaintiff's "right to be free from discrimination in the workplace," and the tort of assault provided a remedy for the "right to be free from bodily/emotional injury caused by another person." Id. at *5. Other courts have distinguished between different types of tort claims, and have found that some claims fall within the scope of the

6

exclusive remedy provision while other claims do not. One court found that a negligence claim based on the same facts as the workplace discrimination claims was not "highly personal," while a claim of intentional infliction of emotional distress was "highly personal" and was not barred by § 1350. Branum v. Orschelm Farm and Home, LLC, 2019 WL 2570527, *3-4 (E.D. Okla. June 20, 2019). Another court declined to allow a plaintiff to file an amended complaint adding a negligence claim based on an alleged tort duty to prevent pregnancy discrimination, when the plaintiff had already alleged workplace discrimination claims under state and federal law, because this was simply an "impermissible end run around the OADA's exclusive remedy provision." Newman v. First Liberty Bank, 2019 WL 11638972, *3 (W.D. Okla. Jan. 30, 2019).

For the purpose of this Opinion and Order, the Court will assume that the Tenth Circuit would apply the "highly personal" exception and that such an exception would also be applicable to OADA claims. The tort claims asserted against Dr. Mittal may fall within the "highly personal" exception, but the tort claim against CORE is an ordinary negligence claim that is plainly barred by the exclusive remedy provision of the OADA. Plaintiff argues that she is alleging that CORE breached its duty to protect her from sexual assault, and sexual assault is distinct and separate from an ordinary claim of sexual harassment. Dkt. # 14, at 7. However, this does not convert a negligence claim into a "highly personal" tort that is outside the scope of a workplace discrimination claim. The negligence claim against CORE is based on the same facts as her Title VII claim, and plaintiff is essentially arguing that her negligence claim is "highly personal" because she focuses on the alleged sexual assault committed by Dr. Mittal as the harm caused by CORE's conduct. This does not mean that her negligence claim is any different in nature from her Title VII claim against CORE, and both plaintiff's Title VII and negligence claims are based on the same underlying

7

conduct. Plaintiff relies heavily on Cunningham, in which the court found that a claim of assault was distinct from a workplace discrimination claim, and a claim of common law assault was not barred by the exclusive remedy provision of the OADA. Cunningham, 2015 WL 6442826 at *4. Plaintiff is alleging an assault claim against Dr. Mittal, not CORE, and Cunningham has no bearing on whether plaintiff's negligence claim is barred by the exclusive remedy provision of the OADA. Plaintiff has essentially alleged a negligence claim against CORE based on its alleged failure to properly supervise Dr. Mittal, and plaintiff's allegations fall squarely within the scope of an ordinary Title VII or OADA claim. Therefore, plaintiff's negligence claim against CORE is barred by the exclusive remedy provision of the OADA, and Count I of the amended complaint is dismissed.

**IT IS THEREFORE ORDERED** that the Partial Motion to Dismiss and Brief in Support of Defendant CORE (Dkt. # 22) is **granted**, and Count I of the Amended Complaint (Dkt. # 14) is hereby **dismissed**.

**DATED** this 7th day of August, 2023.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE